1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      ORRIN TYLER COLBOURN,                        No.  2:23-cv-2316 CKD P

12                        Plaintiff,

13             v.                                     ORDER

14      BUTTE COURTHOUSE, et al.,

15                        Defendants.

16

17             Plaintiff is a Butte County Jail prisoner proceeding pro se and seeking relief pursuant to

18      42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

19      U.S.C. § 636(b)(1).

20             Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

21      declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

22      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23      1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24      initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25      Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26      month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27      the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28      exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law.  Plaintiff's complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

Plaintiff complains about being denied a parole hearing but fails to point to anything suggesting that the denial of a parole hearing was a result of a violation of federal law.   If plaintiff chooses to amend the complaint, plaintiff must demonstrate he has suffered a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that when a state prisoner challenges the legality of his custody and the relief he seeks is the determination of his entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Also, as to the contents of an amended complaint, the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

Finally, plaintiff requests the appointment of counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an

1    attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer,

2    935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir.

3    1990).  When determining whether "exceptional circumstances" exist, the court must consider

4    plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his

5    claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d

6    965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).

7    The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances

8    common to most prisoners, such as lack of legal education and limited law library access, do not

9    establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

10          Having considered the factors under Palmer, the court finds that plaintiff has failed to

11    meet his burden of demonstrating exceptional circumstances warranting the appointment of

12    counsel at this time.

13          In accordance with the above, IT IS HEREBY ORDERED that:

14          1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5 & 6) is granted.

15          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

16    shall be collected and paid in accordance with this court's order to the Butte County filed

17    concurrently herewith.

18          3.  Plaintiff's complaint is dismissed.

19          4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

20    complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

21    Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

22    number assigned this case and must be labeled "Amended Complaint."  Failure to file an

23    amended complaint in accordance with this order will result in a recommendation that this action

24    be dismissed.

25    /////

26    /////

27    /////

28    /////

3

1          5.  Plaintiff's request for the appointment of counsel is denied.

2     Dated:  January 4, 2024

3                                                    _____
                                                     CAROLYN K. DELANEY
4                                                    UNITED STATES MAGISTRATE JUDGE

5

6

7     1
      colb2316.14
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28